AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>MIGUEL BRAVO VASQUEZ, FRANCISCO HEREDIA, and JOSE ALBERTO CRUZ GARCIA<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

**FILED**
JUL 18 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**CR -19 71086 MAG**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 17, 2019__ in the county of __Santa Clara__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841, 846 | Conspiracy to Distribute Methamphetamine |

This criminal complaint is based on these facts:

Please see attached affidavit of Lori Iadovito.

Approved as to form: Scott Simeon, AUSA  /s/

☑ Continued on the attached sheet.

_____
Complainant's signature

HSI Special Agent Lori Iadovito
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 18, 2019

_____
Judge's signature

City and state: San Jose, CA   Hon. Virginia K. DeMarchi, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Lori Iadovito, declare as follows:

1. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since September 2010. I am currently assigned to HSI San Jose, Assistant Special Agent in Charge office (HSI San Jose). Prior to becoming a Special Agent with HSI, I was a Special Agent with the U.S. Department of Defense, Defense Criminal Investigative Service (DCIS), for approximately four years. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I have successfully completed a twenty-six-week Basic Agent Training Academy at the Federal Law Enforcement Training Center (FLETC), in Glynco, Georgia. This training included instruction in the investigation of federal drug violations, including, but not limited to, Title 21, United States Code, Sections 841 and 846. Additionally, this training included instruction on narcotics investigations, drug identification, detection, interdiction, financial investigations and money laundering, identification and seizure of drug related assets, undercover operations, and electronic and physical surveillance procedures.

3. During the course of my employment as an HSI Special Agent, I have participated in numerous investigations of illicit drug trafficking organizations. These investigations have involved the use of confidential informants, wire and physical surveillances, telephone toll analysis, investigative interviews, and the service of search and arrest warrants. I have also assisted in the execution of numerous search warrants in which controlled substances have been seized. Furthermore, I have interviewed drug dealers and users and have discussed with them lifestyles, appearances, and habits of drug dealers and users. I have debriefed defendants, confidential sources, and witnesses who had personal knowledge regarding narcotics trafficking organizations. In addition, I have discussed with numerous law enforcement officers, and confidential sources, the methods and practices used by narcotics traffickers.

4. The facts in this affidavit come from my personal observations, my training and

experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all of my knowledge about this matter.

### Applicable Law

5. Title 21, United States Code, Section 841(a) makes it "unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," including methamphetamine.

6. Title 21, United Sates Code, Section 846, makes it unlawful for two or more persons to agree to commit the offense defined in 21 U.S.C. § 841(a).

### Facts Supporting Probable Cause

7. In February 2017, HSI San Jose initiated an investigation into a methamphetamine drug trafficking organization (DTO) involving Miguel BRAVO VASQUEZ. The investigation eventually resulted in telephone calls between undercover agents (UCA) and BRAVO VASQUEZ at telephone number (669) 254-7786 to arrange the sale of methamphetamine. BRAVO VASQUEZ agreed to the sale of approximately 5 pounds of crystal methamphetamine on September 11, 2018, and later agreed to the sale of 40 pounds of methamphetamine on July 17, 2019, in San Jose, California.

*September 11, 2018: Distribution of 5 Pounds of Methamphetamine*

8. On the morning of September 11, 2018, agents established surveillance at BRAVO VASQUEZ's residence in San Jose. Agents also set up surveillance in the vicinity of Cardenas Market in San Jose, which was the location designated for the controlled purchase of methamphetamine.

9. At approximately 11:20 a.m., agents observed BRAVO VASQUEZ exit his residence and enter a navy blue Audi. At approximately 11:23 a.m., BRAVO VASQUEZ called the UCA and said that he was three minutes away from the designated location. A few minutes later agents observed a grey Chevy Silverado enter the Cardenas Market parking lot and park a few stalls away from the undercover vehicle. The driver of the Silverado was later identified as Francisco HEREDIA.

10. At approximately 11:28 a.m., agents observed BRAVO VASQUEZ arrive at the Cardenas Market parking lot in the navy blue Audi and park between the HSI UC vehicle and the Silverado. BRAVO VASQUEZ walked toward the Silverado, then pulled up his shirt above his chest

area and spun around. BRAVO VASQUEZ appeared to be showing that he was not carrying a weapon or wearing a recording device.

11. At approximately 11:31 a.m., agents observed BRAVO VASQUEZ take a brown paper shopping bag from the Silverado. BRAVO VASQUEZ then took the bag to the UCA and discussed the quality of the methamphetamine he was selling. BRAVO VASQUEZ gave the brown paper shopping bag containing the methamphetamine plus a sample of 100 "blue pills" to the UCA, and the UCA gave BRAVO VASQUEZ a blue gift bag containing cash payment for the methamphetamine.

12. At approximately 11:38 a.m., BRAVO VASQUEZ entered the Audi and drove out of the parking lot. HEREDIA also drove out of the parking lot, following the Audi in his Silverado.

13. At approximately 11:41 a.m., agents observed the Audi and Silverado enter the parking lot of a Grocery Outlet supermarket in San Jose. After parking, BRAVO VASQUEZ walked to the Silverado and gave the blue gift bag containing cash to HEREDIA. BRAVO VASQUEZ returned to his vehicle and drove away. HEREDIA also drove away.

14. At approximately 12:09 p.m., agents observed HEREDIA arrive at his residence in San Jose. He exited the Silverado with the blue gift bag in his hand and entered the residence through a side door. A few minutes later HEREDIA exited his house and drove away in the Silverado. HEREDIA drove to John's restaurant in San Jose. He parked in the rear parking lot and entered the restaurant through the back door. Inside the restaurant, HEREDIA met with one adult male (later identified as Jose Alberto CRUZ GARCIA) and two unknown adult females. CRUZ GARCIA was observed pulling money out of the blue gift bag and giving three to four hundred dollars in cash to the females.

15. At approximately 12:53 p.m., all four individuals exited the restaurant via the back door. CRUZ GARCIA was carrying the blue gift bag in his hand. HEREDIA entered the Silverado and drove out of the restaurant parking lot. CRUZ GARCIA and the two females entered a white Honda Accord and drove out of the restaurant parking lot.

16. The controlled substances were sent to the DEA Western Laboratory for analysis. Results from the DEA laboratory confirmed that one substance weighed approximately 2,226 grams (approximately 4.9 pounds) and contained methamphetamine, and the "blue pills" contained fentanyl.

*July 17, 2019: Distribution of 37 Pounds of Methamphetamine*

17. On July 12, 2019, the UCA and BRAVO VASQUEZ discussed another sale of methamphetamine. BRAVO VASQUEZ asked how much the UCA needed and said he could get the UCA a total of 40 (pounds). They agreed to a delivery on July 17, 2019, around lunch time.

18. On July 16, 2019, BRAVO VASQUEZ contacted the UCA and stated that everything was ready for "tomorrow." BRAVO VASQUEZ requested that the UCA meet at "his guy's house" for the deal, but the UCA declined and asked to keep it "just like last time." BRAVO VASQUEZ explained that he was going to go to the meeting with his friends who would be in other vehicles to do the exchange. The UCA told BRAVO VASQUEZ that he had the money ready and that he would call BRAVO VASQUEZ 30 minutes before the transaction to designate the meeting location.

19. On the morning of July 17, 2019, agents set up surveillance at BRAVO VASQUEZ's residence and at HEREDIA's residence in San Jose.

20. Agents observed BRAVO VASQUEZ arrive as his residence at approximately 9:50 a.m. driving a silver GMC pickup truck. He loaded some boxes into the bed of the pickup truck, then drove away in the in pickup truck a few minutes later.

21. Agents observed a black Scion parked outside of HEREDIA's residence. At approximately 10:00 a.m., HEREDIA got into the black Scion and drove to CRUZ GARCIA's residence. HEREDIA parked in the driveway and entered CRUZ GARCIA's residence, then HEREDIA and CRUZ GARCIA came out of the residence together and walked to the Scion. CRUZ GARCIA took a large black rectangular object out of the trunk, put it on his shoulders, and carried it inside the residence.

22. Around 11:30 a.m., CRUZ GARCIA and HEREDIA carried the black rectangular object, which agents recognized as a speaker, downstairs from the residence and put it in the trunk of the Scion. They were holding each end, and, by the way they were holding it, the speaker appeared heavy. After they placed the speaker in the Scion, CRUZ GARCIA and HEREDIA went back inside the residence.

23. At approximately 11:43 a.m., the UCA texted BRAVO VASQUEZ that their meeting location would be a certain Smart & Final supermarket in San Jose. BRAVO VASQUEZ replied that they were on the way.

24. At approximately 11:44 a.m., HEREDIA exited CRUZ GARCIA's residence and drove away in the Scion.

25. At approximately 11:58 a.m., BRAVO VASQUEZ arrived at the parking lot of the Smart & Final supermarket driving his silver GMC pickup truck. The UCA greeted BRAVO VASQUEZ and talked about the pickup truck he was driving. During the conversation, BRAVO VASQUEZ stated that his guy was coming and would be there shortly with the stuff.

26. Approximately 10 minutes later, CRUZ GARCIA arrived. He had a short conversation with the UCA and mentioned that the stuff was in the car that was coming soon. Then HEREDIA arrived in the black Scion and parked next to BRAVO VASQUEZ's pickup truck. BRAVO VASQUEZ asked the UCA how they were going to do the transaction and stated that the stuff was inside. The UCA asked to see the stuff first before calling for the money. BRAVO VASQUEZ agreed and told CRUZ GARCIA to open the trunk of the car.

27. CRUZ GARCIA opened the trunk of the Scion, and the UCA observed a black speaker box. CRUZ GARCIA indicated that the stuff was inside the speaker box. The UCA attempted to open the speaker box but was unable to. HEREDIA handed a power drill to CRUZ GARCIA, who then loosened the screws of the speaker box. Inside the speaker box, the UCA saw several plastic bags containing a white crystal substance that appeared to be crystal meth. The UCA then gave the signal for agents to seize the suspected methamphetamine and conduct arrests.

28. Agents field-tested the substance inside the speaker box, and the results of the field test indicated that the substance weighed approximately 17 kilograms (approximately 37 pounds) and contained crystal methamphetamine.

## Conclusion

29. Based on the foregoing, I respectfully submit that probable cause exists to believe that the defendants have violated Title 21, United States Code, Sections 841(a) and 846, by conspiring to distribute methamphetamine.

//
//
//

5

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

_____
LORI IADOVITO
Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN to before me this __18__ day of July 2019

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

21 U.S.C. §§ 841, 846 – Conspiracy to Distribute Methamphetamine

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Maximum 20 years' imprisonment
Maximum $1,000,000 fine
Minimum 3-year term of supervised release (Maximum Life)
Mandatory $100 special assessment

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**DEFENDANT - U.S**
▶ MIGUEL BRAVO VASQUEZ

**DISTRICT COURT NUMBER**
CR-19 71086-MAG

FILED JUL 18 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
HSI Special Agent Lori Iadovito

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form: DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Scott Simeon

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☒ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:
_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT  [ ] INFORMATION  [ ] INDICTMENT
                                    [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

## OFFENSE CHARGED

21 U.S.C. §§ 841, 846 – Conspiracy to Distribute Methamphetamine

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY:
Maximum 20 years' imprisonment
Maximum $1,000,000 fine
Minimum 3-year term of supervised release (Maximum Life)
Mandatory $100 special assessment

### DEFENDANT - U.S

► FRANCISCO HEREDIA

DISTRICT COURT NUMBER

**CR-19 71086**

FILED
JUL 18 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### DEFENDANT

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

HSI Special Agent Lori Iadovito

[ ] person is awaiting trial in another Federal or State Court, give name of court
_____

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  [ ] U.S. ATTORNEY  [ ] DEFENSE
SHOW DOCKET NO. _____

[ ] this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO. _____

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
_____

Name and Office of Person Furnishing Information on this form: **DAVID L. ANDERSON**
[X] U.S. Attorney  [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Scott Simeon

### IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) [ ] If not detained give date any prior summons was served on above charges ►_____
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)
_____

### IS IN CUSTODY
4) [X] On this charge
5) [ ] On another conviction  } [ ] Federal [ ] State
6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed? [ ] Yes [ ] No  } If "Yes" give date filed _____

DATE OF ARREST ► Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ► Month/Day/Year _____

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS  [X] NO PROCESS*  [ ] WARRANT    Bail Amount: _____

If Summons, complete following:
[ ] Arraignment  [ ] Initial Appearance
Defendant Address:
_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

| | |
|---|---|
| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** | |

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**OFFENSE CHARGED**

21 U.S.C. §§ 841, 846 – Conspiracy to Distribute Methamphetamine

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Maximum 20 years' imprisonment
Maximum $1,000,000 fine
Minimum 3-year term of supervised release (Maximum Life)
Mandatory $100 special assessment

**DEFENDANT - U.S**

▶ JOSE ALBERTO CRUZ GARCIA

DISTRICT COURT NUMBER

CR -19 71086 -MAG

FILED JUL 18 2019 SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
HSI Special Agent Lori Iadovito

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   DAVID L. ANDERSON
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Scott Simeon

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No   If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT     Bail Amount:
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments: